IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:14-CR-84-BO

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING TRIAL** |
| | ) | |
| WAYNE ELLIOT HUBBARD, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, his mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure defendant's appearance as required, and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in a one-count indictment on 7 May 2014 with possession of a firearm and ammunition by a convicted felon on or about 19 August 2013 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The evidence presented at the hearing showed that the charges

arise from the recovery of a loaded pistol from defendant's right front pocket during a traffic stop on the alleged offense date. Defendant had previously been convicted of 3 felonies, at least 2 of which were punishable by imprisonment for a term exceeding 12 months. Defendant admitted to police that he was wanted on an outstanding warrant for failure to appear, had purchased the pistol, and was a convicted felon.

## Discussion

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offense charged, including the loaded status of the pistol, defendant's alleged commission of the offense while on state probation for felonious possession of heroin and felonious possession of a firearm by a felon, defendant's commission of the prior felon in possession offense only two years earlier, and the likely extended term of imprisonment defendant faces if convicted; defendant's criminal record, including three felony convictions, ten misdemeanor convictions (one for escape from a local jail), two probation revocations, multiple probation violations (including failure to comply with electronic house arrest in 2013), commission of five offenses while on probation, and three failures to appear; the danger of continued gun-related offense conduct by defendant if released; defendant's admission for purposes of the pretrial services account to use of one to two marijuana blunts per day until 1 May 2014, thereby spanning periods of probation and pretrial release; the unsuitability of the proposed third-party custodial arrangement due to the proposed custodian's minimization of some of defendant's admitted criminal conduct and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, defendant cites to his alleged compliance with the conditions of pretrial release on the state charges arising from the instant offense conduct since he was bonded out on those charges in December 2013. This period of alleged compliance is too brief, however, to offset defendant's extended prior history of failure to comply with release conditions. Moreover, defendant's admission to daily use of marijuana up to 1 May 2014 belies the contention that he was in compliance with the pretrial release.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 16th day of May 2014.

_____
James E. Gates
United States Magistrate Judge